U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL 31 2017
CLERK, U.S. DISTRICT COURT
By
Deputy

ORIGINAL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORTH WORTH DIVISION**

| | | |
|---|---|---|
| **GILBERTO CRUZ AND CARINA CRUZ,** *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:17-cv-00491-A** |
| | § | |
| **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND ROBERT WHITE,** *Defendants*. | § | |

**PLAINTIFFS' AMENDED COMPLAINT**

TO THE HONORABLE JUDGE McBRYDE:

COME NOW, Gilberto Cruz and Carina Cruz ("Plaintiffs") and file this, *Plaintiffs' Amended Complaint*, complaining of Allstate Vehicle and Property Insurance Company ("Allstate") and Robert White ("White") (collectively referred to as "Defendants"), and for cause of action, Plaintiffs would respectfully show this Honorable Court the following:

**PARTIES**

1. Plaintiffs Gilberto Cruz and Carina Cruz are individuals residing in Tarrant County, Texas.

2. Defendant Allstate is an insurance company engaging in the business of insurance in the State of Texas. This defendant is properly before the Court.

3. Defendant Robert White is an individual residing in and domiciled in the State of Ohio. This defendant has been served with process. No citation is requested at this time.

**JURISDICTION**

4. This case was originally filed in the District Court of Tarrant County, Texas, and all claims asserted arose under state law. Defendant removed asserting federal diversity jurisdiction pursuant to 28 U.S.C. §1332.

**VENUE**

5. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiffs' insured real property made the basis of this suit is situated in this district and division and all or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district and division.

**FACTS**

6. Plaintiffs are the owners of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Allstate.

7. Plaintiffs own the insured property, which is specifically located at 5300 McConnell Drive, Fort Worth, Texas 76115, in Tarrant County (hereinafter referred to as "the Property").

8. Allstate sold the Policy insuring the Property to Plaintiffs.

9. On or about March 17, 2016, a hail storm and/or windstorm struck Tarrant County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiffs' residence. Specifically, Plaintiffs' roof sustained extensive damage during the storm. Water intrusion through the roof caused significant damage throughout the entire home including, but not limited to, the home's ceilings, walls, insulation, and flooring. Plaintiffs' home also sustained substantial structural and exterior damage during the storm including, but not limited to, damage to the siding and cornice, external light

fixtures, an exterior door, and window. Furthermore, Plaintiffs sustained significant damage to their personal belongings and contents within the home including, but not limited to, their mattress. After the storm, Plaintiffs filed a claim with their insurance company, Allstate, for the damages to their home caused by the hail storm and/or windstorm.

10. Plaintiffs submitted a claim to Allstate against the Policy for Contents Damage, Other Structure Damage, Roof Damage, Structural Damage, Water Damage, and Wind Damage the Property sustained as a result of the hail storm and/or windstorm.

11. Plaintiffs asked that Allstate cover the cost of repairs to the Property, including but not limited to, repair and/or replacement of the roof and repair of the gutters, siding and interior water damages to the Property, pursuant to the Policy.

12. Defendant Allstate assigned Defendant White as the individual adjuster on the claim. The adjuster assigned to Plaintiffs' claim was improperly trained and failed to perform a thorough investigation of Plaintiffs' claim. On or about April 2, 2016, White arrived at the Property to inspect Plaintiffs' home. Specifically, Defendant White conducted a substandard inspection of Plaintiffs' Property, only spending a brief period of time inspecting the Property. As evidenced by his April 2, 2016 estimate, White failed to properly scope Plaintiffs' damages, underestimated and undervalued the cost of repairs to the damaged items, thereby failing to allow adequate funds to cover the cost of repairs to all the damages sustained. White failed to allow adequate compensation for damages including, but not limited to, damages to Plaintiffs' roof, windows, siding and cornice. Additionally, White failed to include any interior damages to the Property. Furthermore,

White failed to give Plaintiffs an adequate explanation as to why he undervalued and omitted so many of the damages sustained during the storm.

13. Although White was aware of Plaintiffs' reported potential damages covered by the Policy, he made determinations as to the amount of Plaintiffs' claim without conducting thorough and reasonable inspection of Plaintiffs' damages. Ultimately, Defendant White determined that the damages were not covered under the Policy, thus only a partial payment would be made on the claim. White's inadequate investigation was relied upon by Defendant Allstate in this action and resulted in Plaintiffs' claim being undervalued and underpaid.

14. Following the inadequate inspection, White corresponded with Plaintiffs by letter dated April 2, 2016. This letter failed to provide Plaintiffs a reasonable explanation of the bases in the Policy for their denial of payment for many of Plaintiffs' Storm damages. Although White was aware of Plaintiffs' reported potential damages covered by the Policy, he made determinations as to the amount of Plaintiffs' claim without conducting thorough and reasonable inspection of Plaintiffs' damages. Ultimately, Defendant White determined that the damages were either not covered under the Policy and/or valued the damages below the applicable policy deductible, thus to this date, Plaintiffs have yet to receive the full payment they are entitled to under the Policy.

15. Defendant Allstate's personnel, failed to thoroughly review and properly oversee the work of the Defendant White, ultimately approving an improper adjustment of and an inadequate, unfair settlement of Plaintiffs' claim. Further, Defendants misrepresented that many of Plaintiffs' damages were not covered under the Policy, when the losses, in fact, were properly covered damages. Allstate denied Plaintiffs' claim without

performing a reasonable investigation. As a result of Defendants' wrongful acts and omissions set forth above and further described herein, Plaintiffs were considerably underpaid on their claim and have suffered damages.

16. Together, Defendants Allstate and White set out to deny and/or underpay on properly covered damages. As a result of this unreasonable investigation, including the under-scoping of Plaintiffs' storm damages during the investigation and failure to provide full coverage for the damages sustained, Plaintiffs' claim was improperly adjusted, and they were denied adequate and sufficient payment to repair their home. The mishandling of Plaintiffs' claim has also caused a delay in their ability to fully repair their home, which has resulted in additional damages. To this date, Plaintiffs have yet to receive the full payment to which they are entitled under the Policy.

17. As detailed in the paragraphs below, Allstate wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, Allstate underpaid some of Plaintiffs' claims by not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation.

18. To date, Allstate continues to delay in the payment for the damages to the property. As such, Plaintiffs have not been paid in full for the damages to their home.

19. Defendant Allstate failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon

the Policy had been carried out and accomplished by Plaintiffs. Allstate's conduct constitutes a breach of the insurance contract between Allstate and Plaintiffs.

20. Defendants Allstate and White misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants Allstate's and White's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

21. Defendants Allstate and White failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants Allstate's and White's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

22. Defendants Allstate and White failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendants Allstate and White failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants Allstate and White did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendants Allstate's and White's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

23. Defendants Allstate and White failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants Allstate and White. Defendants Allstate's and White's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

24. Defendants Allstate and White refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants Allstate and White failed to conduct a reasonable investigation. Specifically, Defendants Allstate and White performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property. Defendants Allstate's and White's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

25. Defendant Allstate failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

26. Defendant Allstate failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

27. Defendant Allstate failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for their claim. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

28. From and after the time Plaintiffs' claim was presented to Defendant Allstate, the liability of Allstate to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Allstate has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Allstate's conduct constitutes a breach of the common-law duty of good faith and fair dealing.

29. Defendants Allstate and White knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

30. As a result of Defendants Allstate's and White's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

31. Plaintiffs' experience is not an isolated case. The acts and omissions Allstate committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Allstate with regard to handling these types of claims. Allstate's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST DEFENDANT WHITE
### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

32. Defendant Allstate assigned Defendant White to adjust the claim. Defendant White was improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiffs' damages. During his investigation, the adjuster failed to

properly assess Plaintiffs' hail storm and/or windstorm damages. The adjuster also omitted covered damages from his report, including many of Plaintiffs' interior damages. In addition, the damages that the adjuster did include in the estimate were severely underestimated.

33. Defendant White's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

34. Defendant White is individually liable for his unfair and deceptive acts, irrespective of the fact he was acting on behalf of Allstate, because he is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

35. Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendant White's misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiffs' damages; (2) stating that Plaintiffs' damages were less severe than they in fact were; (3) using his/her own statements about the non-severity of the damage as a basis for

denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiffs received. Defendant White's unfair settlement practice, as described above and the example given herein, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

36. Defendant White's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

37. Defendant White failed to explain to Plaintiffs the reasons for his offer of an inadequate settlement. Specifically, Defendant White failed to offer Plaintiffs adequate compensation without any explanation as to why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did he provide any explanation for the failure to adequately settle Plaintiffs' claim. The unfair settlement practice of Defendant White as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

38. Defendant White's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

39. Defendant White did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiffs' exterior and interior damages, although reported by Plaintiffs to Allstate. Defendant White's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## CAUSES OF ACTION AGAINST ALL DEFENDANTS

40. Plaintiffs are not making any claims for relief under federal law.

### FRAUD

41. Defendants Allstate and White are liable to Plaintiffs for common law fraud.

42. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Defendants Allstate and White knew were false or made recklessly without any knowledge of their truth as a positive assertion.

43. The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

## CONSPIRACY TO COMMIT FRAUD

44. Defendants Allstate and White are liable to Plaintiffs for conspiracy to commit fraud. Defendants Allstate and White were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs, Defendants Allstate and White committed an unlawful, overt act to further the object or course of action. Plaintiffs suffered injury as a proximate result.

## WAIVER

45. While denying that any provision of the policy at issue or any statute, code provision (including the Prompt Payment of Claims Act), or law required Plaintiffs to provide written notice of claim as a condition or requirement to recover damages, penalties, interest or attorneys' fees pursuant to contract or any Texas law (including the Prompt Payment of Claims Act), Plaintiffs hereby assert (separately or in the alternative to the foregoing) that Defendants have waived, or otherwise intentionally relinquished, any right to any written notice of claim from Plaintiffs under the policy at issue or under any applicable law (including but not limited to any provision of the Prompt Payment of Claims Act). Additionally (and, again, separately or in the alternative), Defendants have waived, or otherwise intentionally relinquished, any right to assert that Plaintiffs are barred from recovering damages, penalties, interest or attorneys' fees pursuant to contract, applicable law and otherwise, for lack of written notice under the policy or under any Texas law (including but limited to any provision under the Prompt Payment of Claims Act).

## CAUSES OF ACTION AGAINST ALLSTATE ONLY

46. Defendant Allstate is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common-law duty of good faith and fair dealing.

### BREACH OF CONTRACT

47. Defendant Allstate's conduct constitutes a breach of the insurance contract made between Allstate and Plaintiffs.

48. Defendant Allstate's failure and/or refusal, as described above, to pay adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Allstate's insurance contract with Plaintiffs.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

49. Defendant Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

50. Defendant Allstate's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

51. Defendant Allstate's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Allstate's liability under the Policy was reasonably clear, constitutes an unfair

method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

52. Defendant Allstate's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

53. Defendant Allstate's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

54. Defendant Allstate's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

**NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**
**THE PROMPT PAYMENT OF CLAIMS**

55. Defendant Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

56. Defendant Allstate's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as

described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

57. Defendant Allstate's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

58. Defendant Allstate's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

**ACTS CONSTITUTING ACTING AS AGENT**

59. As referenced and described above, and further conduct throughout this litigation and lawsuit, White is an agent of Allstate based on his acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

60. Separately, and/or in the alternative, as referenced and described above, Allstate ratified the actions and conduct of White, including the completion of his duties under the common law and statutory law.

**BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

61. Defendant Allstate's conduct constitutes a breach of the common-law duty of good faith and fair dealing owed to insureds in insurance contracts.

62. Defendant Allstate's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Allstate knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

**KNOWLEDGE**

63. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

**DAMAGES**

64. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

65. As previously mentioned, the damages caused by the March 17, 2016, hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant Allstate's and White's mishandling of Plaintiffs' claim in violation of the laws set forth above.

66. For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

67. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. TEX. INS. CODE §541.152.

68. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

69. For breach of the common-law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

70. For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

71. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

72. Plaintiffs previously requested that all causes of action alleged herein be tried before a jury consisting of citizens residing in Tarrant County, Texas. Plaintiffs have tendered the appropriate jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and post-judgment interest as allowed

by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

**MOSTYN LAW**

Gregory F. Cox
Federal Bar No.
State Bar No. 00793561
GFCdocketefile@mostynlaw.com
6280 Delaware Street
Beaumont, TX 77706
(409) 832-2777 (Office)
(409) 832-2703 (Facsimile)

**ATTORNEY-IN-CHARGE FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on this, the 28th day of July, 2017, a true and correct copy of the foregoing instrument was electronically filed using the authorized ECF system and served on all counsel of record who are registered users of the ECF system, pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this District.

Gregory F. Cox