IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

GILBERTO CRUZ, ET AL., §
 §
    Plaintiffs, §
 §
VS. § NO. 4:17-CV-491-A
 §
ALLSTATE VEHICLE AND PROPERTY §
INSURANCE COMPANY, ET AL., §
 §
    Defendants. §



## MEMORANDUM OPINION AND ORDER

Came on for consideration the motions of defendants, Alstate Vehicle and Property Insurance Company ("Allstate"), and Robert White ("White"), to dismiss. Plaintiffs, Gilberto Cruz and Carina Cruz, have failed to respond to the motions, which are ripe for ruling.[1] The court, having considered the motions, the record, and applicable authorities, finds that the motions should be granted.

### I.

### Plaintiffs' Claims

The operative pleading is plaintiffs' first amended complaint, filed July 31, 2017, Doc.[2] 16, as required by the

---

[1] Earlier today, plaintiffs submitted for filing a motion to extend the time for filing their response to the motions, along with the proposed response and brief in support. The court ordered that these documents be stricken as they contained simulated signatures. The court has considered the substance of the response and is satisfied that the outcome would not have been different had it been properly filed.

[2] The "Doc. __" reference is to the number of the item on the docket in this action.

court's order of July 18, 2017, for repleading.³ Doc. 13. Under the section titled "Facts" plaintiffs allege that they are owners of an insurance policy issued by Allstate covering property owned by them in Tarrant County, Texas; that on or about March 17, 2106, a hail or wind storm caused severe damage to their property; they submitted a claim; on or about April 2, 2016, White, the adjustor assigned by Allstate, inspected the property; and, White corresponded with plaintiffs by letter dated April 2, 2016. Under the section titled "Causes of Action," plaintiffs allege (1) White's noncompliance with the Texas Insurance Code provisions on unfair settlement practices; (2) both defendants' engaging in fraud and conspiracy to commit fraud; and (3) Allstate's breach of contract, noncompliance with the Texas Insurance Code unfair settlement practices and prompt payment of claims provisions, and breach of duty of good faith and fair dealing.

II.

Grounds of the Motions

Defendants maintain that plaintiffs have failed to plead any plausible causes of action against either of them.

---

³The order cautioned plaintiffs to pay particular attention to the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, as explained and clarified by the Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), as well as the requirements of Fed. R. Civ. P. 9(b) and 10.

III.

Applicable Pleading Standards

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556

U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

As the Fifth Circuit has explained: "Where the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading." Anderson v. U.S. Dep't of Housing & Urban Dev., 554 F.3d 525, 528 (5th Cir. 2008). In sum, "a complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws. In other words, a complaint must put the defendant on notice as to what conduct is being called for defense in a court of law." Id. at 528-29.

Rule 9(b) sets forth the heightened pleading standard imposed for fraud claims: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting

4

fraud or mistake." The Fifth Circuit requires a party asserting fraud to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." Hermann Holdings, Ltd. v. Lucent Techs., Inc., 302 F.3d 552, 564-65 (5th Cir. 2002)(internal quotations and citations omitted). Succinctly stated, Rule 9(b) requires a party to identify "the who, what, when, where, and how" of the events constituting the purported fraud. Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 339 (5th Cir. 2008). Claims alleging violations of the Texas Insurance Code and DTPA of the kind asserted here are subject to the requirements of Rule 9(b). Omni USA, Inc. v. Parker-Hannifin Corp., 798 F. Supp. 2d 831, 836 (S.D. Tex. 2011); Frith v. Guardian Life Ins. Co. of Am., 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998).

IV.

Analysis

Plaintiffs have pleaded very few facts at all. Aside from the facts recited, supra, the remainder of the "Facts" section of the amended complaint contains only conclusory allegations. For example, plaintiff allege that defendants knowingly or recklessly made false representations, Doc. 16 at 8, ¶ 29, but they never allege what was said by whom, to whom, when or where. They have

5

not explained what happened or the nature of, or even the extent of, the damages their property allegedly incurred. They do not explain what White did or failed to do that caused his inspection of the property to be inadequate.[4] They never set forth the amount they say they are entitled to receive or the amount that was paid. They recite laundry list items from various statutes, but allege no facts to explain or support the allegations.

As the court previously noted in a similar case, no plausible cause of action for breach of contract can be stated unless there is an allegation as to the exact nature of the contract, including a statement as to the defendant's obligations under the contract, how the defendant failed to comply with its contractual obligations, and how that damaged the plaintiff. Radenbaugh v. State Farm Lloyds, No. 4:13-CV-339-A, 2013 WL 4442024, at *4 (N.D. Tex. Aug. 16, 2013). Here, at most, plaintiffs' complaint seems to be that they did not get paid as much as they think they should have been paid, but they have not alleged any facts to show that Allstate breached a contract between them.

---

[4]Plaintiffs do not allege the date they submitted their claim, but admit that White inspected the property on April 2, sixteen days from the date the damage was allegedly incurred. Further, they allege that White corresponded with them that very day. Although they do not specifically say so, it appears that payment was tendered to them on that date.

There can be no recovery for extra-contractual damages for mishandling claims unless the complained of acts or omissions caused an injury independent of those that would have resulted from a wrongful denial of policy benefits. Parkans Int'l LLC v. Zurich Ins. Co., 299 F.3d 514, 519 (5th Cir. 2002). In other words, the manner in which the claims was investigated must by the proximate cause of the damages alleged. Provident Am. Ins. Co. v. Castaneda, 988 S.W.2d 189, 198-99 (Tex. 1998). Here, plaintiffs have not alleged such a separate injury.[5]

Plaintiffs' extra-contractual claims also fail in that plaintiffs have not met the requirements of Rule 9(b) of the Federal Rules of Civil Procedure. They have failed to provide the specifics necessary to state a fraud claim. Herrmann Holdings, 302 F.3d at 564-65. Because they have failed to state a fraud claim, their civil conspiracy claim based on fraud also fails. Okenkpu v. Allstate Texas Lloyd's, No. H-11-2376, 2012 WL 1038678, *4 (S.D. Tex. Mar. 27, 2012). Likewise, they have failed to sufficiently plead any violation of the Texas Insurance Code.

---

[5]The court notes that the Supreme Court of Texas has somewhat muddied (rather than clarified) the waters by its recent opinion in USAA Texas Lloyds Co. v. Menchaca, No. 14-0721, 2017 WL 1311752 (Tex. Apr. 7, 2017). That opinion has not been released for publication and is subject to revision or withdrawal. In any event, the extra-contractual claims plaintiffs assert here are of the type predicated on coverage under the insurance policy. Thus, if there is no breach of contract, the extra-contractual damages do not survive. 2017 WL 1311752, at *4-5

Omni USA, 798 F. Supp. 2d at 836-37; Berry v. Indianapolis Life Ins. Co., 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009).

And, as stated, plaintiffs have not pleaded any specific, actionable conduct by White, but rather make nothing but generic, conclusory, statute-tracking allegations. These are insufficient to state a claim against White. Plascencia v. State Farm Lloyds, No. 4:14-CV-524-A, 2014 WL 11474841 (N.D. Tex. Sept. 25, 2014); Okenkpu, 2012 WL 1038678, at *7.

Finally, as was the case in Luna v. Nationwide Prop. & Cas. Ins. Co., plaintiffs have failed to meet the pleading standards for a common law breach of duty of good faith and fair dealing against Allstate. 798 F. Supp. 2d 821, 830-31 (S.D. Tex. 2011). They have not pleaded any facts showing that Allstate's liability was reasonably clear, that their claims were covered under particular provisions of the policy, and that Allstate knew at the time it was failing to pay the amount clearly owed. Plaintiffs have pleaded nothing more than labels and conclusions.

V.

Order

The court ORDERS that defendants' motions to dismiss be, and are hereby, granted; that plaintiffs' claims against defendants be, and are hereby, dismissed; and that plaintiffs take nothing

on their claims against defendants.

SIGNED September 5, 2017.

_____
JOHN McBRYDE
United States District Judge